**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HEIDI DICKENDASHER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2:18cv00049-HEA** |
| **LINCOLN NATONAL LIFE INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**THE LINCOLN NATONAL LIFE INSURANCE**
**COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Heidi Dickendasher ("Plaintiff"), and states as follows:

## INTRODUCTION

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

[1] Incorrectly named in the Complaint as "Lincoln National Life Insurance Company."

3. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, Lincoln denies this allegation. Lincoln admits Plaintiff was, at certain times, employed by Roeslin and Associates, Inc. ("Roeslin"). Lincoln admits that Plaintiff was, at certain times, a participant in a welfare plan sponsored by Roeslin and that such welfare plan is an employee benefit plan as defined by ERISA and includes a long term disability component. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Roeslin sponsored the Roeslin & Associates, Inc. Long Term Disability Plan (the "LTD Plan") and the Roeslin & Associates, Inc. Short Term Disability Plan (the "STD Plan") to provide disability benefits to certain of its employees. Lincoln admits that it issued a Group Long-Term Disability Insurance Policy (the "LTD Policy") and a Group Weekly Disability Insurance Policy (the "STD Policy") to Roeslin, which, at certain times, insured benefits from the LTD and STD Plans. Lincoln admits that the STD Plan and the LTD Plan are employee benefit plans as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits it is a Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Missouri. Lincoln admits that it issued the LTD Policy and the STD Policy to Roeslin, which, at certain times, insured benefits from the LTD and STD Plans. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Roeslin sponsored the Roeslin STD and LTD Plans. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Lincoln admits Plaintiff was, at certain times, employed by Roeslin with a date of hire of March 19, 2013. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff was, at certain times, employed by Roeslin as a Senior Project Engineer and that documents pertaining to Plaintiff's job duties at Roeslin are contained in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 seek to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan

and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

## COUNT II

32. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 31 of the Complaint as though fully set forth in response to Paragraph 32 of the Complaint.

33. Lincoln admits Plaintiff submitted a claim for benefits from the STD Plan under the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits it sent a letter to Plaintiff dated August 10, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits Plaintiff received, at certain times, benefits from the STD Plan under the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits Plaintiff received, at certain times, benefits from the STD Plan under the STD Policy. Lincoln admits it sent a letter to Plaintiff dated December 29, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits it sent a letter to Plaintiff dated December 29, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits Plaintiff received, at certain times, benefits from the STD Plan under the STD Policy. Lincoln admits it sent a letter to Plaintiff dated December 29, 2016, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits Plaintiff submitted a claim for benefits from the STD Plan under the STD Policy and that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits Plaintiff submitted a claim for benefits from the STD Plan under the STD Policy and that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best

evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits it received first and second level appeals of the denial of Plaintiff’s claim for benefits from the STD Plan under the STD Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff’s claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff’s claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff’s claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that by this action, Plaintiff is seeking recovery of short term and long term disability benefits from the STD and LTD Plans under the relevant Policies, along with

recovery of attorneys' fees, prejudgment interest, and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 43 of the Petition.

## COUNT III

44. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 43 of the Complaint as though fully set forth in response to Paragraph 44 of the Complaint.

45. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy and that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan under the relevant Policies, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated March 13, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits it received a first level appeal of the denial of Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln specifically denies that Plaintiff has exhausted administrative

remedies prerequisite to bringing a claim for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) from the LTD Plan under the LTD Policy. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that by this action, Plaintiff is seeking recovery of short term and long term disability benefits from the STD and LTD Plans under the relevant Policies, along with recovery of attorneys' fees, prejudgment interest, and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

51. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the STD Policy and the LTD Policy was an abuse of discretion because the STD Policy and the LTD Policy contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy and the LTD Policy and the documents governing the Plans, which

require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff failed to exhaust administrative remedies prerequisite to bringing a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) from the LTD Plan under the LTD Policy.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's STD claim or LTD Claim during the administrative review process.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the STD Policy and the LTD Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein, and grant Lincoln such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar No. 16452560)
(*Admitted Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 30th day of August 2018 to be served by operation of the Court's electronic filing system upon the following:

Matthew R. Davis, #58205
Email: matt@gallagherdavis.com

Candace A. Weatherfield, #70408
Email: candace@gallagherdavis.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers