**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HEIDI DICKENDASHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:2:18CV49 HEA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

# JOINT PROPOSED SCHEDULING PLAN

COME NOW Plaintiff Heidi Dickendasher and Defendant Lincoln National Life Insurance Co. pursuant to the Court's Order of October 4, 2018, and hereby submit the following Joint Proposed Scheduling Plan in advance of the scheduling conference set in this matter on **October 25, 2018.**

**a.** This case is properly assigned to Track 2.

**b.** Motions to add additional parties and to amend the pleadings shall be accomplished by **November 15, 2018**.

c. Plaintiff believes discovery is available in this case. It is Defendants' position that in this ERISA-governed action, discovery on the claim for benefits is limited to the production of the administrative record, including applicable Plan Documents, and that after the administrative record, including Plan Documents, has been produced to Plaintiff's counsel, this matter will be ripe for motions for summary judgment or motions for judgment on the administrative record. Without in any way waiving their position, or the applicability of Fed.R.Civ.P. 26(a)(1)(B)(i) to the instant case, which Defendants believe will be decided based on review of the administrative record,

Defendants join Plaintiff in proposing the deadlines set forth below, including discovery deadlines, in the event any discovery is permitted over defendant's objections. To the extent that discovery is permitted by the Court, the parties propose the following:

i. At this time there are no agreed upon provisions for disclosure or discovery of electronically stored information. It is Defendants' position that discovery is limited to production, in pdf format, of the administrative record, which includes printed copies of electronically stored documents, as well as applicable Plan Documents.

ii. The parties agree that any material inadvertently produced or disclosed, to which a party claims a privilege within 30 days after the inadvertent production or disclosure, will be returned upon written request for return and the parties' agreement regarding the protected nature of the documents. If the parties do not reach agreement, the party claiming the privilege shall seek protection from the Court within ten days of written notice from that party opposing the claim of privilege. The parties request that this provision be included in the Case Management Order.

iii. Disclosures pursuant to Rule 26(a)(1), Fed. R.Civ.P., shall be made no later than **November 30, 2018**. Defendants shall produce a complete copy of the administrative record to plaintiffs on or before this date.

Unless otherwise stipulated or granted leave by the Court upon notice of motion, the parties agree to the limitations for depositions in Rules

30(a)(2)(A) and 30(d)(1) and for interrogatories set forth in Rule 33(a). It is Defendants' position that discovery is limited to production of the administrative record, including applicable Plan Documents.

iv. Parties do not anticipate any expert witnesses in this ERISA case.

v. Physical or mental examinations of the parties are not applicable in this case.

vi. Any discovery shall be completed on or before **February 1, 2019.**

**b.** All parties are amenable to Alternative Dispute Resolution in the form of mediation and believe referral to mediation would be most productive **January 7, 2019**.

**c.** The deadline to submit dispositive Motions is **April 1, 2019**. To the extent this matter or any issues need to be tried, it should be ready for trial to the Court by **July 1, 2019.**

**d.** Trial, if any, in this matter should take no longer than two days. It is Defendants' position that the case should be determined upon review of the administrative record and that no trial will be needed.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Matthew R. Davis*
Matthew R. Davis, MO58205
Candace A. Weatherfield, MO70408
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
candace@gallagherdavis.com
Attorneys for Plaintiff

Law Offices of Iwana Rademaekers
By: ***/s/ Iwana M. Rademaekers (with consent)***

Iwana M. Rademaekers, 16452560
Law Offices of Iwana Rademaekers
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
Email: iwana@rademaekerslaw.com

Attorneys for Defendant